UNITED STATES, Appellee,

v.

Michael B. LEAVER, Chief Warrant Officer U.S. Coast Guard, Appellant.

No. 66,947.
CGCM 946.

U.S. Court of Military Appeals.

Argued June 4, 1992.

Decided Sept. 30, 1992.

For Appellant: *Dan R. Hyatt* (argued); *Lieutenant Commander G. Arthur Robbins* (on brief); *Lieutenant Commander Allen Lotz.*

For Appellee: *Lieutenant Commander Charles J. Bennardini* (argued).

*Opinion of the Court*

WISS, Judge:

A general court-martial composed of a military judge alone tried appellant at First Coast Guard District, Boston, Massachusetts, during September 1989. After pleading guilty, appellant was convicted of two specifications of unauthorized absence, two specifications of dereliction of duty, seven

specifications of cocaine use, five specifications of cocaine distribution; as well as one specification each of sodomy and being drunk and disorderly in a public place to the disgrace of the armed forces. *See* Arts. 86, 92, 112a, 125, and 133, Uniform Code of Military Justice, 10 USC §§ 886, 892, 912a, 925, and 933, respectively.

The military judge rejected appellant's pleas of guilty to three other offenses and entered pleas of not guilty. After trial on the merits for those offenses, the military judge acquitted appellant of one of the charges but convicted him of another specification of cocaine distribution, as well as one specification of wrongful solicitation of a Coast Guard Seaman Apprentice to use and possess cocaine in violation of Article 134, UCMJ, 10 USC § 934. The military judge sentenced appellant to dismissal from the service, total forfeitures, and confinement for 8 years.

The convening authority reduced the confinement to 5 years but otherwise approved the trial results. The Court of Military Review found error in "the failure to provide appellant a substitute counsel after trial" but concluded that this error "had no effect on the convening authority's action." The Court of Military Review, therefore, affirmed both the findings and the sentence approved below. 32 MJ 995, 1001 (1991).

This Court granted review on the following issue:

WHETHER APPELLANT WAS SUB-STANTIALLY PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF COUNSEL POST TRIAL.

We agree with the Court of Military Review that it was error not to provide appellant with substitute defense counsel to represent him after trial, *see* RCM 1106, Manual for Courts–Martial, United States, 1984. Unlike that court, we are unable to conclude, however, that there was no fair risk of prejudice to appellant from this lack of representation.

1. Uniform Code of Military Justice, 10 USC § 832.

I

On May 22, 1989, military authorities informed Leaver of nine charges with numerous specifications of his alleged criminal offenses. The next day, Leaver, who was stationed at the First Coast Guard District, Boston, Massachusetts, requested a named individual military counsel, *see* RCM 506(a); but that request was denied on May 26, 1989, because the requested counsel was "not reasonably available." *See* RCM 506(b)(1). (App. B to Govt. Brief before CGCMR).

Sometime in late May 1989, Lieutenant Mark R.B. Stewart, USCGR, a law specialist stationed at the Maintenance and Logistics Command, Atlantic, Governors Island, New York, was assigned to represent Leaver, and he did so throughout the pretrial and trial proceedings. There was never an administrative appeal of the denial of Leaver's requested individual military counsel, *see* RCM 506(b)(2), and this issue was not litigated at either the Article 32[1] hearing or at trial.

After the trial, on September 13, 1989, Leaver requested in writing "that LT Mark Stewart be discharged from duties as my detailed defense attorney" and renewed his request for an individual military counsel. App. D to Govt. Brief before CGCMR. On October 5th, the Staff Judge Advocate of the Maintenance and Logistics Command, Atlantic, disapproved this request, however, stating that Leaver had no right to an individual military counsel at this stage of the proceedings. The staff judge advocate advised Leaver to discuss his legal representation with Lieutenant Stewart before making any decision about his remaining as defense counsel. Encl. (2) to App. B to Appellant's Brief before CGCMR.

On October 2, 1989, though—before he had received a response to his earlier letter—Leaver wrote to his military commander, stating that (1) he "no longer desire[d] to have LT STEWART represent" him and he wanted Lieutenant Stewart "discharged from this detail before he does

any more damage";[2] and (2) he was "at present, retaining a civilian firm to represent me with further legal proceedings regarding clemency and appeal." In his response dated October 17, 1989, the Staff Judge Advocate of the Maintenance and Logistics Command, Atlantic, "dismissed" Lieutenant Stewart as "detailed defense counsel effective that date but made him "available to assist" Leaver's "retained civilian counsel in any further legal matters pertaining to your court-martial."

On December 21, 1989, the Commander of the First Coast Guard District, pursuant to RCM 1106(f)(2), ordered that "a substitute military counsel ... be detailed" for Leaver, who "has indicated that he no longer intends to retain civilian counsel." In a logical *non sequitur*, the Staff Judge Advocate of the Maintenance and Logistics Command, Atlantic, then detailed *Lieutenant Stewart* as Leaver's counsel on January 12, 1990.

Leaver wrote this staff judge advocate on January 24, 1990. He asserted that Lieutenant Stewart could not "properly represent" him and that he did "not desire to represent" himself. Therefore, he requested "a substitute detailed counsel be appointed." None was, however.

Although Lieutenant Stewart wrote to Leaver, Leaver did not respond or have any communication with Lieutenant Stewart. Consequently, Lieutenant Stewart "was not comfortable at being reassigned ... [and] felt that [Leaver] should be assigned another attorney...." App. A to Govt. Brief before CGCMR. Nonetheless, Lieutenant Stewart accepted receipt of the staff judge advocate's RCM 1106 recommendation on January 23, 1990. He prepared a two-page response and submitted it as "Detailed Defense Counsel" to the convening authority on February 5, 1990. He did not submit a clemency petition, though, because Leaver "had already submitted" one.

The convening authority took action in this case on February 20, 1990. Six days

later, the staff judge advocate responded to Leaver's January 24 request for substitute counsel. He acknowledged Leaver's complaint that Lieutenant Stewart provided him "with ineffective assistance and for that reason he should be dismissed as your detailed counsel." Nevertheless, he rejected Leaver's request for substitute counsel, reasoning that Leaver's "bare assertion of ineffective assistance of counsel cannot serve as a basis for the removal of LT Stewart." (Last document in App. B to Appellant's Brief before CGCMR).

## II

█ In the Court of Military Review, appellant contended that "he was effectively without counsel because he had severed relations with the attorney appointed to represent him and the authority responsible for detailing such counsel refused to provide another." Noting the Government's concession "that it was error" not to appoint substitute counsel "under the specific facts of this case," the court agreed. 32 MJ at 997. The court correctly reasoned that, where an accused challenges the adequacy of his counsel's trial representation and certainly where the accused expresses a "desire to sever" his relationship with that counsel, the conflict between the accused and counsel is so great that appointment of substitute counsel is required. *See generally Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Davis*, 3 MJ 430 (CMA 1977).

█ Our disagreement with the Court of Military Review is with its conclusion that Leaver was not prejudiced by this error. Before this Court, the Government candidly has recognized that "CWO Leaver was left completely without lead counsel for a substantial post-trial period." An-

---

2. On October 16, appellant submitted his own "REQUEST FOR CLEMENCY" in which he complained of his detailed counsel's inadequate preparation for trial and infrequent contacts with appellant.

swer to Final Brief at 4. That concession more accurately might be stated that Leaver was left completely *without counsel at all* after trial and prior to the convening authority's action. *See United States v. Palenius,* 2 MJ 86 (CMA 1977). As we stated in another case decided this day:

> Where there effectively was an *absence* of counsel functioning on behalf of an accused, our consideration of harmlessness is limited to whether subsequently afforded counsel was able to make up for the earlier deprivation. . . .

Here, recognizing the importance that this Court always has placed on the convening authority's exercise of wide discretion, the only way to make up for the *absence* of counsel at that stage is to redo that stage with benefit of counsel acting in appellant's behalf.

*United States v. Moseley,* 35 MJ 481, 484–85 (CMA 1992).

## III

The decision of the United States Coast Guard Court of Military Review and the convening authority's action are set aside. The record of trial is returned to the General Counsel of the Department of Transportation for a new staff judge advocate's recommendation and a convening authority's action in compliance with RCM 1106.

Chief Judge SULLIVAN and Judge COX concur.

GIERKE, Judge (concurring):

I concur. I write separately only to distinguish this case from *United States v. Moseley,* 35 MJ 481 (CMA 1992), in which I dissented.

In *Moseley* appellant received the advice and assistance of her detailed counsel. She and her counsel made a complete clemency submission to the convening authority. The convening authority had before him everything that he would have had if the post-trial recommendation had been served properly.

In this case appellant was left without counsel to assist him in his post-trial submission to the convening authority. Because a court-martial sentence is inchoate until approved by the convening authority, the convening authority's action is an integral part of the sentencing process. Denial of assistance of counsel during this critical phase of the sentencing process "is legally presumed to result in prejudice." *Penson v. Ohio,* 488 U.S. 75, 88, 109 S.Ct. 346, 353, 102 L.Ed.2d 300 (1988), *quoting Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984).

CRAWFORD, Judge (concurring in the result):

As contrasted with *United States v. Moseley,* 35 MJ 481 (CMA 1992), cited by the majority, 36 MJ at 136, there is here an absence of counsel accepted as competent. *Cf. United States v. Moseley, supra* (concurring and dissenting opinions).