UNITED STATES

v.

Michael B. LEAVER, Chief Warrant
Officer (W–2), U.S. Coast Guard.

CGCM 0032.
Docket No. 946.

U.S. Coast Guard Court of
Military Review.

29 Oct. 1993.

Trial Counsel: CDR Michael A. Leone, USCG.

Assistant Trial Counsel: LT Robert E. Korroch, USCG.

Detailed Defense Counsel: LT Mark R.B. Stewart, USCGR.

Appellate Defense Counsel: Dan R. Hyatt, Esquire.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LCDR Charles J. Bennardini, USCG.

Before Panel Two BAUM, FEARNOW and O'HARA, Appellate Military Judges.

PER CURIAM:

Upon review of this case in 1991, this Court found error in the staff judge advocate's failure to provide Appellant with a substitute counsel after trial, when Appellant discharged his detailed counsel for claimed ineffective trial representation. We affirmed the findings and sentence upon concluding that the error was harmless beyond a reasonable doubt. *U.S. v. Leaver,* 32 M.J. 995 (C.G.C.M.R.1991).

On appeal, the U.S. Court of Military Appeals, relying on *U.S. v. Moseley,* 35 M.J. 481 (C.M.A.1992), chose not to apply the harmless error test after finding that the staff judge advocate's action left Appellant completely without counsel after trial. The decision of this Court and the convening authority's action were set aside and the record was returned for a new staff judge advocate's recommendation and a convening authority's action in compliance with Rule for Courts–

**530**

Martial (R.C.M.) 1106. *U.S. v. Leaver,* 36 M.J. 133 (C.M.A.1992).

That action has now been completed and the record has been referred again to this Court for review. In Appellant's first of two assigned errors, he requests remand of the record once more for a new recommendation and a new convening authority's action because of asserted misleading and prejudicial advice of the staff judge advocate. That advice relates to a letter on Appellant's behalf mailed directly to the convening authority, which the convening authority chose not to consider, based on the staff judge advocate's advice.

■ The Government resists the requested remand for a variety of reasons including assertions of waiver and harmless error. We find waiver inappropriate in this case because there is no proof of service on defense counsel and accused of the staff judge advocate's supplemental recommendation and advice as required by R.C.M.'s 1103(b)(3)(G) and 1106(f)(1) and Articles 5–A–2f.(1)(j) and 5–G–1b.(2) of the Coast Guard Military Justice Manual, Commandant Instruction M5810.1C. Without the required proof of service, we are unable to determine whether Appellant and his counsel actually received a copy of the challenged advice and were accorded the requisite time to respond.

■ The harmless error argument of Government is rejected because we are not assured that the staff judge advocate's comment concerning Court of Military Appeals inaction on the issue of inadequate representation was harmless. The clear implication from the staff judge advocate's remark was that corrective action by the convening authority was not warranted since the Court of Military Appeals had the opportunity to act on the question of counsel ineffectiveness and chose not to do so.

That erroneous adverse implication, coupled with the convening authority's failure to consider the letter supporting Appellant's reassertion of counsel ineffectiveness, convinces us that the record should be returned for the convening authority to fully and fairly consider all matters raised in Appellant's behalf with appropriate new advice from his staff judge advocate.

In light of the foregoing, the convening authority's action of 16 April 1993 is set aside and the record is returned for a new staff judge advocate's review and convening authority's action in conformity with the views expressed in this opinion.

Chief Judge BAUM and Judge O'HARA concur.*