**UNITED STATES**

v.

**David W. HAIRE Chief Yeoman, U.S. Coast Guard Reserve.**

**CGCM 0071.
Docket No. 1012.**

U.S. Coast Guard Court of Military Review.

21 June 1994.

---

* Judge FEARNOW did not participate in this decision.

Trial Counsel: LCDR F.J. Kenny, USCG.

Defense Counsel: LT Anthony Antonellis, JAGC, USNR.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LT Garland M. Walker, USCGR.

Before Panel Five BAUM, EDWARDS, FEARNOW, and WIESE *, Appellate Military Judges.

BAUM, Chief Judge:

Contrary to his pleas, Appellant was convicted by general court-martial of one specification of rape in violation of Article 120, UCMJ, 10 U.S.C. § 920. Thereafter, he was sentenced to a bad conduct discharge and reduction to E–1, which the convening authority approved without change. The conviction by a court composed of officer and enlisted members came after a vigorously contested five-day trial in which Appellant took the stand and denied his guilt. Before this Court, Appellant challenges his conviction as both factually and legally insufficient. In addition, he has assigned a number of other errors, four of which, he says, have the cumulative effect of denying him a fair trial.

Pursuant to Article 66, UCMJ, 10 U.S.C. § 866, this Court may act only with respect to the findings and sentence as approved by the convening authority. Because of concern as to the propriety of the convening authority's action in this case, questions were raised during oral argument with respect to this matter and further briefs were invited as to

* Judge WIESE did not participate in this decision.

possible non-compliance by the staff judge advocate with review requirements. Those briefs have produced affidavits and a missing staff judge advocate's addendum to the R.C.M. 1106 recommendation of record. All motions to file such documents not previously granted are hereby granted.

■■ With the filing of the missing addendum, we now know that the staff judge advocate subsequently addressed legal errors raised by defense counsel in an R.C.M. 1105 submission that were not dealt with in the staff judge advocate's R.C.M. 1106 recommendation. The staff judge advocate directed that a copy of his addendum be provided to defense counsel. However, defense counsel, who did not respond to the addendum, says he never received it. The Government believes that counsel was sent a copy, but argues that, even if he did not receive it, there was no error because no new matter was included in the addendum.

The Government correctly observes that only new matter must be served on counsel for the accused when an addendum is prepared pursuant to R.C.M. 1106(f)(7). However, we believe the Government incorrectly concludes that, "[b]ecause the SJA's addendum deals only with providing his opinion on the allegations of legal error raised by the defense counsel in his 1105 submissions, no new matter was included in this addendum." Appellate Government's Supplemental Brief at 3 & 4. The Government apparently bases that conclusion on the portion of the discussion following R.C.M. 1106(f)(7) that says new matter does not ordinarily include "discussion by the staff judge advocate or legal officer of the correctness of the initial defense comments on the recommendation." That is not what we have in the case before us.

Defense counsel did not submit comments on the staff judge advocate's 1106 recommendation. Instead, he raised legal issues in an R.C.M. 1105 submission that arguably should have been discussed in the staff judge advocate's original R.C.M. 1106 recommendation. Since the defense submission was said to have been received too late for discussion in

that recommendation, the legal issues were addressed for the first time in the staff judge advocate's addendum. As such, we believe the contents of that addendum squarely meet the test of new matter in the R.C.M. 1106(f)(7) discussion paragraph, where it is said that, " 'New matter' includes ... issues not previously discussed."

The staff judge advocate must have also concluded that the addendum discussed "new matter" because he marked the addendum for "copy to" defense counsel and, as stated in his affidavit, directed his staff to provide a copy to defense counsel. That order may have been carried out and if proof of service had been obtained, as required by R.C.M.'s 1103(b)(3)(G) and 1106(f)(1) and Articles 5–A–2f.(1)(j) and 5–G–1b.(2) of the Coast Guard Military Justice Manual, Commandant Instruction M5810.1C, there would be no issue concerning this matter today. In the absence of any countervailing evidence of service, we will presume that defense counsel's version of the events in question is correct. Without service of the addendum on counsel, the accused was denied the opportunity for his counsel to provide further advocacy on his behalf.

Decisions of the U.S. Court of Military Appeals such as *U.S. v. Leaver,* 36 M.J. 133 (CMA 1992) and *U.S. v. Moseley,* 35 M.J. 481 (CMA 1992) have made clear the importance of counsel assistance before the convening authority takes his action on the record. Here, while Appellant had the active assistance of counsel in submitting both legal errors and clemency material, he was denied further representation in responding to negative staff judge advocate comments by the apparent failure to serve those comments on his counsel.

*U.S. v. Leaver,* supra, a Coast Guard case, was sent back first by the Court of Military Appeals for lack of post-trial representation of the accused. It was returned again by this Court because of misleading and prejudicial advice in the second staff judge advocate recommendation, which, as here, had not been shown to have been served on the defense counsel for comment. *U.S. v. Leaver,* 40 M.J. 529 (CGCMR Oct. 29, 1993). Now, we have the latest Court of Military Appeals decision returning a Coast Guard case for another convening authority's action, this time because of disqualification of the staff judge advocate. *U.S. v. Lynch,* 39 M.J. 223 (CMA 1994). These cases convince us that Appellant's requested return of the record for corrective action is the correct and judicially economical course to take at this time.

The convening authority's action is set aside and the record is returned for a new action in accordance with R.C.M. 1107, after the procedures outlined in R.C.M. 1106(f) are met. As a minimum, this requires defense counsel to be served with the "addendum" to the staff judge advocate's recommendation and afforded the opportunity to comment on it before the convening authority takes a new action. However, nothing herein precludes a new staff judge advocate's recommendation if the convening authority or staff judge advocate deem it appropriate. Whatever ultimate action is taken by the convening authority, the record shall be returned to this Court pursuant to *Boudreaux v. U.S. Navy–Marine Corps Court of Military Review,* 28 M.J. 181 (CMA 1989), unless otherwise directed.

Judges EDWARDS and FEARNOW concur.