UNITED STATES

v.

Michael B. LEAVER, Chief Warrant Officer, U.S. Coast Guard.

CGCM 0032.
Docket No. 946.

U.S. Coast Guard Court of Criminal Appeals.

21 April 1995.

Order Regarding Oral Argument
21 April 1995.

Trial Counsel: CDR Michael A. Leone, USCG.

Assistant Trial Counsel: LT Robert E. Korroch, USCG.

Detailed Defense Counsel: LT Mark R.B. Stewart, USCGR.

Appellate Defense Counsel: Dan R. Hyatt, Esquire.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LCDR Charles J. Bennardini, USCG.

Before Panel Two BAUM, FEARNOW, and O'HARA, Appellant Military Judges.

PER CURIAM:

This is our third review of this case. Its history may be found in prior opinions of this Court and the U.S. Court of Military Appeals. *United States v. Leaver*, 40 M.J. 529 (C.G.C.M.R.1993); *United States v. Leaver*, 36 M.J. 133 (C.M.A.1992); *United States v. Leaver*, 32 M.J. 995 (C.G.C.M.R.1991). Those opinions reveal that we initially affirmed findings and sentence in 1991 after rejecting assignments of error that included allegations of inadequate trial representation. Thereafter, the Court of Military Appeals, finding prejudicial lack of post-trial representation in the period before the convening

authority acted, returned the record for a new convening authority's action. Upon completion of that step, the record was forwarded to this Court and we returned it again to the convening authority to ensure proper consideration of all matters submitted in the accused's behalf. That has been accomplished.

After review of all defense submissions, and with appropriate advice from his staff judge advocate, the convening authority on August 18, 1994 approved a dismissal, five years confinement and total forfeitures, but suspended all forfeitures in excess of $2,293.40 per month effective 1 July 1991, pursuant to clemency action taken by the Secretary of Transportation on 26 August 1991. Twenty-nine days of *Allen* credit toward the sentence of confinement was also provided. Thereafter, the record was once again referred to this Court for review on 13 September 1994. Four and a half months later, after obtaining two enlargements of time, civilian defense counsel submitted two summary assignments of error.

■ The first assigned error reasserts an assignment of ineffective trial representation, incorporating by reference the facts, argument, and conclusions presented in a brief of 31 August 1993. The second assignment submits an oft repeated summary contention that this Court lacks jurisdiction because of service of civilian judges who purportedly have not been appointed in accord with the Appointments Clause of the Constitution. This second assignment has been asserted in numerous cases and rejected in each instance based on *United States v. Carpenter*, 37 M.J. 291 (C.M.A.1993), petition for cert. filed, No. 93–676 (U.S. 29 October 1993). It is rejected again for the same reason.

■ Appellant's other assignment concerning trial representation was raised and rejected the first time the case was before us. Our evaluation then of the trial record and defense counsel's affidavit explaining his actions convinced us that there was no merit to the claim of ineffective representation. The trial defense counsel's rationale for actions taken made sense to us then and they still make sense today, after consideration of all the matters presented in support of Appellant's contentions. We again find no merit to Appellant's assertion of ineffective trial representation. We have also reviewed this record again pursuant to Article 66, UCMJ, and have determined that the findings and sentence are correct in law and fact and should be approved. Accordingly, the findings and sentence, as approved and partially suspended below, are affirmed.

Chief Judge BAUM and Judges FEARNOW and O'HARA concur.

Appellant's Motion To Reschedule Oral Argument And Appellee's Counter Motion To Deny Oral Argument Filed With The Court 13 April 1995

On 16 February 1995, this Court granted Appellant's motion for oral argument over opposition by the Government. The scheduled date of 19 April 1995 was chosen after coordination with civilian defense counsel to assure a conflict-free time for the hearing. Despite that coordination and counsel's assurance in February of no conflicts for the entire month of April, a motion for rescheduling of argument to a date in June 1995 was submitted six days before argument was to be heard. Based on civilian counsel's assertion that other matters had arisen that now prevented him from adequately preparing for and arguing this case as scheduled, an order was issued on 13 April 1995 cancelling argument for 19 April 1995, with Appellant's motion to reschedule and the Government's counter motion to deny argument to be addressed in a further order of the Court. Appellant's reply to the Government's opposition and counter motion was received on 19 April 1995. The Court is, therefore, ready to resolve this matter.

■ Based on the foregoing, reconsideration has been given to the question whether oral argument should be held in this case. We have reevaluated the factors prompting our granting oral argument, as set out in the order of 16 February 1995, and find them insufficient at this point to warrant a hearing. Each side's arguments with respect to the first assignment of error have been fully explicated in the briefs. Moreover, the second assignment has already been resolved

many times by this Court. No useful purpose would be served by further delaying decision in this case to allow for oral argument, because it would not assist the Court in resolving the issues. Pursuant to Rule 16 of the Court's Rules of Practice and Procedure, we have again exercised our discretion in this matter and have determined to proceed with written pleadings alone. Accordingly, it is, by the Court, this 21st day of April 1995;

ORDERED:

That the motion to reschedule oral argument is denied. Oral argument will not be heard in this case.

## ATTACHMENT

## APPENDIX I

IN THE UNITED STATES COAST GUARD
COURT OF CRIMINAL APPEALS

United States, Appellee,

v.

Michael B. Leaver, Chief Warrant Officer (W–2), U.S. Coast Guard, Appellant.

16 February 1995
Appellant's Motion for Oral Argument Filed With the Court 13 February 1995
Docket No. 946

Appellant's Motion for Oral Argument, filed with the Court in accordance with rule 16 of the Court's Rules of Practice and Procedure is opposed by the Government. In considering the motion and the Government's brief in opposition, the following factors are deemed to be determinative: (1) this Court's decision addressing an assertion of ineffective trial representation has been set aside; (2) the Court panel membership has changed since that earlier decision was rendered; (3) a different counsel represents Appellant now; and (4) the fully briefed assignment of error of 31 August 1993 asserting three separate areas of ineffective trial representation, which was not addressed in this Court's decision of 29 October 1993 returning the record for corrective action, has been reasserted for consideration by the Court. In light of the foregoing, it is, by the Court, this 16th day of February 1995;

ORDERED:

That said motion be, and the same is, hereby granted. Oral argument in the above-styled case will be heard on 19 April 1995 at 0930.

The hearing, which is open to the public, will be held at Bldg 111, Washington Navy Yard, Washington, DC in the Courtroom of the U.S. Navy–Marine Corps Court of Criminal Appeals.

Copy: Military Justice Division
Appellate Government Counsel
Detailed Appellate Defense Counsel
Civilian Defense Counsel—Dan R. Hyatt, Esq.

## APPENDIX II

13 April 1995
Motion to Reschedule Oral Argument
13 April 1995
Docket No. 946

On 16 February 1995 this Court granted Appellant's Motion for Oral Argument, despite opposition by the Government, and oral argument was scheduled to be heard at 0930 on 19 April 1995. On 13 April 1995 appellant filed, pursuant to Rule 23 of the Court's Rules of Practice and Procedure, a motion to reschedule the oral argument to a date in June 1995. This motion has been opposed by the Government and a counter motion to deny oral argument has also been filed on 13 April 1995.

Under Rule 23, Appellant has five days in which to oppose the Government's motion. Under Rule 7 this time would not expire until after the time scheduled for oral argument. In light of the foregoing it is, by the Court, this 13th day of April 1995;

ORDERED:

That the oral argument scheduled for 0930 19 April 1995 is cancelled.

Appellant's motion to reschedule oral argument for a date in June 1995 and the Govern-

ment's motion to deny oral argument are taken under consideration and will be addressed in a further Order of the Court.

Copy: Military Justice Division
      Appellate Government Counsel
      Detailed Appellate Defense Counsel

Civilian Defense Counsel—Dan R. Hyatt, Esq.