UNITED STATES, Appellee,

v.

**WILLIAM P. JENNINGS, Radioman
Third Class (E–4), U.S. Coast
Guard, Appellant.**

Docket No. 1043.

U.S. Coast Guard Court of
Criminal Appeals.

22 Aug. 1995.

Trial Counsel: LCDR Brian Judge, USCG.

Assistant Trial Counsel: LT Jon G. Beyer, USCG.

Defense Counsel (Trial): LT Edward J. Cook, JAGC, USNR.

Defense Counsel (Post–Trial): LCDR Jeffrey Good, USCG.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: CDR Richard C. Yazbek, USCG.

**Opinion and Order of the Court in response to Motions For Withdrawal of Appellate Defense Counsel, Assignment of Substitute Counsel, and Filing of Materials Under *United States v. Grostefon*, 12 M.J. 431 (CMA 1982)**

BAUM, Chief Judge:

*Background*

On 9 June 1995, in response to Appellant's third motion for an enlargement of time to

continue a quest for civilian appellate representation that was raised initially in January 1995, this Court concluded that further delay for that reason was not warranted and ordered an enlargement of time until 31 July 1995 for the express purpose of having Detailed Appellate Defense Counsel file assignments of error and brief by that date. Notwithstanding that order, Appellant filed another motion on 18 July 1995 for an enlargement of time until 31 August 1995 to seek representation by civilian appellate counsel, which was denied that date with the Court reiterating its expectation that assignments of error and brief from Detailed Appellate Defense Counsel would be filed by 31 July 1995. Nevertheless, assignments of error and brief were not submitted.

### Motions Relating To Detailed Counsel

Instead, on 31 July 1995, Detailed Appellate Defense Counsel filed a motion to permit his withdrawal from representation of Appellant and to order the appointment of substitute Appellate Defense Counsel. The reason given for such action was that Appellant had communicated to counsel his dissatisfaction with the adequacy of representation and desired to be represented by other assigned counsel. Citing *United States v. Leaver*, 36 M.J. 133, 135 (CMA 1992), Appellant says that, "In such circumstances, substitute counsel must be appointed to represent the accused, because of the serious conflict between counsel and client." Appellate Defense Counsel's motion at pg. 1. The motion further states that on the day it was filed, Appellant refused to discuss the case further with counsel. No mention was made of the assignments of error and brief that were due that date.

### Grostefon Motion

As a separate but related matter, counsel moved to file sixty pages of unexplained documents offered for consideration as matters submitted by the accused pursuant to *United States v. Grostefon*, 12 M.J. 431 (CMA 1982). Among other things, this material includes disjointed handwritten and typed expository statements, handwritten legal maxims with case citations, various medical reports, and a variety of letters and forms. Counsel says that Appellant recently provided these materials to him and "apparently wishes them to be considered by the Court in deciding this case," but no issues framed by counsel appear. Appellate Defense Counsel's motion at pg. 2.

### Government Response

The Government has responded to the motions by opposing the detailing of a substitute military appellate defense counsel and urging the Court to set a ten-day deadline for Appellant to elect whether he will retain his present detailed counsel, will proceed *pro se,* or will have a civilian defense counsel enter appearance. Furthermore, the Government contends that assignments of error and brief, whether in the form of counsel's brief or Appellant's *Grostefon* materials, should be filed within those ten days and, if Appellant has not responded within that time, that the motion to withdraw should be granted and the filed documents accepted for consideration as *Grostefon* materials. In support of its opposition to the detailing of a substitute appellate defense counsel, the Government cites *United States v. Bell*, 11 USCMA 306, 29 CMR 122 (1960) for the proposition that another counsel should not be appointed unless the accused can show unsuitability or incompetency on the part of his assigned counsel. In this regard, the Government says that "Appellant has made absolutely no showing of his counsel's unsuitability or incompetency." Government's response at pg. 2.

### U.S. v. Leaver

Arguably, *United States v. Leaver*, supra, may be read to require no showing of unsuitability other than a statement of dissatisfaction with the adequacy of counsel's past representation and the desire to sever the attorney/client relationship. With that broad reading, *Leaver* seems to say that the serious conflict between counsel and client generated by such a statement from an accused renders counsel no longer suitable for continued representation. Given the particular facts in *Leaver,* that interpretation makes sense. The accused in that case complained of the

adequacy of his counsel's trial representation. It would have been unreasonable to expect the same counsel to advance the issue of his own inadequate trial performance with the convening authority as grounds for disapproving the findings and sentence. The manifest conflict of interest in such a situation is just too great to allow counsel to continue in that role.

No explanation would be needed if, after this case is decided, Appellant were to complain to the Court of Appeals for the Armed Forces about the quality of his representation before this Court and request a different counsel to represent him before the Court of Appeals. In that event, the parallel with *Leaver* would be clear. Inadequacy of representation could be urged as grounds for setting aside our decision and the same conflict as in *Leaver* would be apparent, requiring the detailing of another appellate counsel before the Court of Appeals for the Armed Forces.

A conflict requiring new counsel would also be apparent if we were faced again with the kind of facts reflected by this Court's order in *United States v. Castellani,* CGCMS 23729, published in Appendix A to *United States v. Claxton,* 25 M.J. 623, 626–27 (CGCMR 1987). According to that order, a substitute appellate defense counsel assigned as error the ineffective representation of his predecessor, who, it was asserted, had taken no action on the record, other than to file five motions for enlargement of time over a seven month period. When the prior counsel was reassigned to the case after transfer of the substitute, a motion to withdraw was granted due to the conflict of interest that would have been generated should the original counsel orally argue the case on behalf of appellant. While the only representational efforts appearing so far in the instant case are the present motions and four prior requests for enlargement of time, no other similarities with the former case are evident.

### Inapplicability of Leaver

■ The situation before this Court is distinctly different. In contrast to that earlier case, we do not know the nature of Appellant's purported dissatisfaction with counsel, and without that knowledge we are unable to discern how such a complaint would necessarily conflict with counsel's advocacy before this Court. It presumably does not relate to the requests for delay since each motion for an enlargement of time cites as a reason Appellant's desire for more time to seek civilian representation. Counsel was ostensibly doing Appellant's bidding. Without more information, this case just does not fit the mold of *United States v. Leaver,* supra.

■ In this regard, it should be noted that the right accorded an accused by Article 38(b)(3)(B), UCMJ, to be represented at trial by reasonably available military counsel of the accused's own selection is not extended to the appellate level. When representation is requested before one of the Courts of Criminal Appeals or the U.S. Court of Appeals for the Armed Forces, an appellate defense counsel is detailed by the Judge Advocate General, or his designee, pursuant to Article 70, UCMJ and the appellant has no right to request a particular individual to represent him. *United States v. Patterson,* 22 USCMA 157, 46 CMR 157 (1973).

■ By the same token, there is no right to reject the counsel who has been properly detailed and obtain another simply by registering dissatisfaction with that counsel. Except under limited circumstances, as previously described, where a disqualifying conflict or unsuitability is obvious from known facts, an appellant must establish good cause for detailed counsel's replacement. Similarly, an appellant who has made it known that he wants a civilian counsel, but has failed to obtain one within a reasonable time, may not circumvent a court's effort to proceed with the case by the device of rejecting detailed counsel and requesting another, without explanation.

### Additional Information Needed

■ Accordingly, before the motions can be granted, we must know the reasons for Appellant's sudden dissatisfaction and eleventh hour request for a new counsel on the day that assignments of error and brief were due. In order to meet the terms of *United States v. Bell,* supra, and determine whether

there is good cause for the withdrawal of counsel and the assignment of another, information is needed spelling out wherein Appellant believes counsel's representation has been inadequate and why, in Appellant's opinion, presently assigned counsel is unsuitable for continuation as Appellant's counsel. Moreover, as in *United States v. Leaver*, supra, where the accused personally communicated his dissatisfaction with counsel, we need something from the Appellant himself. In none of the filings to date has Appellant personally communicated to the Court his displeasure with counsel, the reasons therefore, and his desire to sever the attorney/client relationship. That kind of information can only come from Appellant. Furthermore, *United States v. Bell*, supra, makes clear that Appellant should be informed that in making a request for withdrawal of his counsel he runs the risk of not being represented at all should this Court determine to grant that motion and not order appointment of another counsel.

*United States v. Bell*, supra, states that, "barring some showing by him [the accused] of the unsuitability or incompetency of appointed counsel, he can be required either to accept the representation made available or to wage his appeal alone. There is a limit beyond which military authorities need not go and if an accused becomes unreasonable in his demands, he may forfeit his right to any assistance." Id., 29 CMR at 125. The Court went on to offer various procedural steps that could have been taken in that case to assure that the accused was fully aware of the consequences of his actions and that he was represented by counsel up until the time he made an informed decision to relinquish such counsel. Just as the Court in *Bell*, we are not assured at this point that Appellant is aware that relinquishment of his detailed counsel could possibly leave him without appellate representation. Moreover, as indicated, we do not have Appellant's personal statement of dissatisfaction with counsel, his reasons, and a direct request from him to sever the relationship.

### Continuation of Counsel Assistance

Pending resolution of these matters, Detailed Appellate Defense Counsel can and should continue to represent Appellant, which includes explaining to Appellant the potential consequences of his actions. Counsel should also assist Appellant in responding to this order. Furthermore, the assignments of error that were due on 31 July 1995 should be filed forthwith, unless Appellant instructs otherwise. Counsel should also assist Appellant pursuant to *United States v. Grostefon*, supra, by framing issues for the Court's consideration from the material that has been submitted by motion. In our view, *Grostefon* contemplates the assistance of counsel in identifying to the Court issues an accused desires to be presented, not simply the filing of documents with little or no apparent relevance to any particular issue. See *United States v. Grostefon* at 12 M.J. 435–37 and *United States v. Mitchell*, 20 M.J. 350 (CMA 1985).

In light of the foregoing, it is, by the Court, this 22nd day of August 1995;

ORDERED:

(1) That Appellant's motion to file materials pursuant to *United States v. Grostefon* is denied pending receipt of specified issues Appellant wishes the Court to consider and a motion to file relevant documents in support of those issues.

(2) That the motion to permit withdrawal of Appellate Defense Counsel and the appointment of substitute counsel is denied at this time, pending communication from Appellant to the Court of his desire to sever the attorney/client relationship with Detailed Appellate Defense Counsel and have another counsel appointed. If Appellant requests such action, his reasons for that request are required in order for this Court to determine whether there is good cause for assignment of another counsel. In submitting his request, Appellant shall acknowledge his awareness that the Court may grant the motion for withdrawal of presently assigned counsel and deny the request for another counsel, if good cause for assignment of substitute counsel is not shown, leaving Appellant without a detailed counsel.

(3) That the above information be provided to the Court no later than fifteen days

from this date and that Detailed Appellate Defense Counsel shall convey the requirements of this order to Appellant and assist Appellant in providing the necessary response.

(4) That Appellate Defense Counsel shall file with the Court immediately either the assignments of error that were due on 31 July 1995 or a statement that he has been directed by Appellant not to file the assignments.

Judges O'HARA and WIESE concur.