# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

## v.

## Lawrence BROWN

## Yeoman First Class, U.S. Coast Guard

## CGCMG 0146

## Docket No. 1105

## 16 February 2000

General Court-Martial convened by Commander Seventeenth Coast Guard District. Tried at the Federal Building, Juneau, Alaska, 9-12 February 1998.

Military Judge: CAPT Thomas Tielens, JAGC, USN

Trial Counsel: LTJG Martin Sarch, USCGR

Individual Military Defense Counsel LCDR William J. Shelton, USCG

Appellate Defense Counsel: LT Sandra K. Selman, USCGR

Appellate Government Counsel: LCDR James B. Nicholson, USCG

### BEFORE
### PANEL FIVE

### BAUM, WESTON, McCLELLAND

Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Six offenses were referred to trial. Of those six, one specification of disrespect to a superior commissioned officer in violation of Article 89, Uniform Code of Military Justice (UCMJ), was withdrawn by the convening authority after trial commenced. Two assault specifications under Article 128, UCMJ, elicited guilty pleas, which resulted in guilty findings for both of these specifications. Appellant pled not guilty to the three remaining specifications of communicating a threat in violation of Article 134, UCMJ. He was acquitted of two of the threat specifications and convicted of the third. For the two assaults and one communication of a threat, the court sentenced Appellant to a bad conduct discharge, confinement for nine months, and reduction to pay grade E-2. The convening authority approved the sentence as adjudged and, pursuant to *U.S. v. Allen*, 17 M.J. 126 (CMA 1984), credited Appellant with 80 days of pretrial confinement against the approved nine months confinement.

Before this Court, Appellant has assigned three errors: (1) that he was constructively denied counsel altogether by individual military counsel s continuing to represent him after notification that Appellant desired to terminate the attorney/client relationship; (2) that individual military counsel was ineffective within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984), resulting in substantial prejudice to Appellant s material rights; and (3) that the record of trial is not a verbatim record as required by Article 54, UCMJ and Rule for Courts-Martial (RCM) 103(b)(2)(B) because evidentiary rulings were made at an RCM 802 conference and not included in the record of trial. The Court heard oral argument on the first two assignments of error and on the question whether an evidentiary hearing pursuant to *U.S. v. Dubay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), was necessary to resolve them. We have determined that a *Dubay* hearing is not needed, and that, considering the argument heard by the Court and the pleadings, which include an affidavit from Appellant, all assignments of error should be rejected.

Specifically, we conclude that the claimed representational shortcomings of individual military counsel do not meet the test of *Strickland v. Washington, supra*, and the asserted gaps in the record of trial, if in fact any evidentiary rulings were made at the RCM 802 conference, are insubstantial omissions which "do not affect its characterization as a verbatim transcript," *U.S. v. Norris*, 33 M.J. 635, 639 (CGCMR 1991). Furthermore, with respect to the asserted omissions from the record, the requirement to include such matters is waived pursuant to RCM 802(b) when a party fails to object at trial to their omission, as occurred in this case. Assignments of error (2) and (3) are rejected for these reasons. The first assignment of error warrants further explication, however.

## Factual Background

Charges were preferred against Appellant in November 1997 after he had voiced threats to a friend against an assistant legal officer on the Seventeenth District staff. Because of the perceived nature of the threats, Appellant was placed in pretrial confinement the next day and a Navy lawyer was assigned to act as his detailed defense counsel. That officer represented Appellant at the hearing required by his pretrial confinement. Subsequently, Appellant was represented at an Article 32, UCMJ, pretrial investigation and throughout the trial by a Coast Guard attorney specifically requested by Appellant as individual military counsel (IMC). The officer who detailed the first military counsel excused that

counsel from further participation in the case, despite Appellant s request for his continued representation as associate counsel.

According to an affidavit filed by Appellant, he became dissatisfied with his IMC "throughout December 1997 and into January 1998", and informed the command representative at the confinement facility that he wanted a different lawyer. Appellant says the command representative was told by the Coast Guard district legal office that Appellant would have to submit such a request in writing. There is no indication that Appellant conveyed such a written request to his command, but he did write to his IMC, as follows:

1/27/98

From: YN1 Lawrence Brown, D17th

To: LCDR William (Bill) Shelton

Subj: Request for A New Attorney

> I am requesting that you be drop (sic) from being my defense council (sic) for my up coming (sic) General Court-Martial in early March. I feel that I am <u>not</u> being properly represented by you. I feel that I am a problem to you. I requested your representation, because I felt that you knew my situation with the Coast Guard and the problems I was having with them. Since, as my attorney, you feel that you have other things to do and can t spend the time on my case, I am requesting a (sic) attorney that will spend the time & effort. Waiting on the day of a General Court-Martial to submit items, is not being properly prepared in my eyes. I feel that you are <u>working with</u> the other side here.

Thank You.

Lawrence Brown

In his affidavit, Appellant claims that, when he next spoke to his IMC, counsel told him that it was too late to get a new lawyer so close to the trial date and, unless Appellant came up with another lawyer by name, Appellant was stuck with the IMC. According to Appellant, since the IMC did not provide him any names of other military counsel, he did not know what else to do, and felt he was stuck with his IMC. Accordingly, he went to trial 13 days later with the IMC as his counsel. The record shows that, in response to a query from the military judge at the outset of trial, Appellant indicated to the judge that he was satisfied with his IMC and was prepared to proceed with that counsel. Furthermore, the record does not indicate that either Appellant or IMC informed the military judge of Appellant s letter and earlier-expressed dissatisfactions with counsel. Throughout the four-day trial, IMC presented a vigorous

defense and, as previously indicated, obtained two acquittals and a withdrawal of a third offense. No displeasure with counsel s performance was voiced by Appellant at any point in the trial, and IMC continued to represent Appellant after sentencing by submitting a letter to the convening authority requesting clemency, which contained, as enclosures, eight letters of support and three certificates of completion of church courses. It is only since referral to this Court that Appellant has voiced discontent with the quality of representation at trial and his belief that he was forced through incorrect advice to proceed with an attorney he did not want.

At this Court s direction, the Government obtained and filed with the Court an affidavit from IMC which amplifies his discussion with Appellant and presents a different perspective on Appellant s decision to continue with him as counsel. Appellant contends that an evidentiary hearing pursuant to *Dubay*, *supra*, is required to resolve the factual differences between the two affidavits. If such a factual resolution were necessary in order to decide the legal issue presented, then a *Dubay* hearing might be in order. However, according to *U.S. v. Ginn*, 47 M.J. 236, 248 (1997), a hearing is not required "if the facts alleged in an affidavit allege an error that would not result in relief if any factual dispute were resolved in appellant s favor." In such an instance, "the claim may be resolved on that basis." *Id.* at 248. Following this precept, we have sought to determine what relief, if any, would be warranted under the circumstances described by Appellant. Finding no relief warranted under the factual scenario alleged by Appellant, as we explain later, we reject his call for a *Dubay* hearing.

## Circumstances Calling For Appointment of Substitute Counsel

Appellant contends that when he discharged the IMC in writing, the IMC advised him incorrectly concerning his counsel rights and continued to represent him, causing an "irreconcilable conflict" that constructively deprived him of counsel altogether. He cites *U.S. v. Leaver*, 36 M.J. 133 (CMA 1992), in support of his contention.

The matter of counsel rights, specifically with respect to obtaining substitute counsel, was addressed by the U.S. Court of Appeals for the Armed Forces in *U.S. v. Lindsey*, 48 M.J. 93 (1998). The court cited, but did not discuss, *U.S. v. Swinney*, 970 F.2d 494 (8th Cir. 1992). That case gives the following succinct framework for such rights:

> "To warrant substitute counsel, a defendant must show justifiable dissatisfaction with appointed counsel." *U.S. v. Sayers*, 919 F.2d 1321, 1323 (8th Cir. 1990). Justifiable dissatisfaction sufficient to merit substitution of counsel includes "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." *Smith v. Lockhart*, 923 F.2d 1314, 1320 (8th Cir. 1991).

*Swinney*, 970 F.2d at 499. Justifiable dissatisfaction was amply demonstrated in *Leaver* with all three component grounds clearly present. The first type of situation, a conflict of interest between an accused and counsel, was generated in *Leaver* in the post-trial context by the accused s challenge to the adequacy of his counsel s trial representation. In *Lindsey*, the accused criticized his trial defense team during his

unsworn statement in the pre-sentencing stage of the trial. The court distinguished *Leaver*, saying, "This decision and its progeny are not logically applicable where the complaint is made during the trial itself and the criticized counsel is not called upon to evaluate his criticized work." That is even more true in our case, where trial had not yet begun, Appellant s complaint was not public, and the IMC was in a position to take his client s concerns into account, changing his planned defense if he deemed it appropriate. Accordingly, we find that the IMC in this case had no conflict of interest that would necessitate providing Appellant a substitute counsel.

The other two bases that might engender a right to substitute counsel, as expressed in *U.S. v. Swinney, supra*, "an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant," are also not supported by the record here. Communication between Appellant and his IMC was never discontinued and counsel provided continuous representation of Appellant before, during, and after trial. These actions do not reflect an irreconcilable conflict between the two or a breakdown in their communication and they are in stark contrast to the facts in *U.S. v. Leaver, supra*, where the accused broke off all communication with his counsel and refused to accept that counsel s further representation after trial.

Appellant s position, shorn of its *Leaver* support, looks much like that of the appellant in *Lindsey*. As the *Lindsey* court said:

> [A] request for substitute counsel is not usually granted where the record of trial shows between an accused and his counsel a "differe[nce] on trial tactics and strategy, and expressed frustration with each other" but it "does not reflect an irreconcilable conflict or complete breakdown in communication between them." *Swinney*, 970 F.2d at 499; *United States v. Grady*, 997 F.2d 421, 424 (8th Cir. 1983). This is exactly appellant s case.

*Lindsey*, 48 MJ at 98. It is exactly our case too, given the kind of complaints Appellant was voicing -- that his counsel was not doing enough before trial, was making tactical and strategic decisions with which Appellant disagreed, and was just not handling the case in a manner satisfactory to Appellant.

While *U.S. v. Swinney*, supra, does not rule out other grounds for obtaining substitute counsel, Appellant has not suggested any and we discern none. Instead, Appellant has fashioned from his complaints a theory of "constructive deprivation of counsel," reminiscent of the Ninth Circuit Court of Appeals  thesis that lack of a  meaningful relationship  with counsel is the equivalent of no counsel. That concept was rejected by the U. S. Supreme Court in *Morris v. Slappy*, 461 U.S. 1, 14 n.6 (1983). Likewise, we reject Appellant s theory. Under the circumstances described by Appellant, he may have been required to choose between hiring a civilian attorney[2], proceeding *pro se*, or continuing with his IMC. However, he was not deprived of counsel, constructively or otherwise.

## Failure to Properly Advise Appellant of the Right to Request the Discretionary Appointment of a Substitute Counsel

Even though Appellant had no right to a substitute counsel, he still could have requested a new counsel, and such a request could have been granted on a discretionary basis. Assuming the IMC did not advise Appellant that he could make such a request, the *Lindsey* opinion appears to be controlling on issues raised by failure to so advise Appellant. We think this is so despite the fact that the purported discharge of the IMC and his advice to Appellant concerning the consequences of discharging counsel occurred 13 days before trial, whereas in Lindsey*, supra*, questions concerning counsel arose in the late stages of trial. There*,* the accused contended that the military judge misadvised him of his rights after he had voiced complaints against his counsel. Just as here, the accused in *Lindsey* chose to continue with his counsel after receiving advice that limited his representation to that counsel. In that case, the judge told the accused that he had only two options, to continue with the same counsel or finish his trial *pro se*, without representation. Based on this advice, the accused chose to continue with counsel. The author of the principal opinion in *Lindsey*, joined by another judge, did not explicitly find the trial judge s advice to the accused faulty for failing to inform him of the right to request substitute counsel, but tested for prejudice and concluded that any error was harmless under the circumstances. Two other judges found no error at all, emphasizing the untimeliness of any request for termination or change of counsel at that point.

For purposes of deciding this case, we accept the facts in Appellant s affidavit as true and assume, without deciding, that counsel s advice to Appellant, as asserted, was deficient.[3] Following *Lindsey, supra*, we have tested this allegedly deficient advice for prejudice by scrutinizing counsel s representation to determine whether it was ineffective, as Appellant asserts. As indicated earlier, we have concluded that the claimed representational shortcomings of individual military counsel do not meet the test of *Strickland v. Washington, supra.* We do not see any other potential manifestation of prejudice, and Appellant has not suggested any. In short, we find that any error from counsel s advice was harmless, and we reject both the first and second assignments of error.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

Judges WESTON and McCLELLAND concur.

---

For the Court,

//s//

James P. Magner
Clerk of the Court