UNITED STATES, Appellee,

v.

Michael E. KNIGHT, Senior Airman,
U.S. Air Force, Appellant.

No. 99–0582.
Crim.App. No. 32754.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 12, 2000.

Decided Aug. 25, 2000.

SULLIVAN, J., delivered the opinion of
the Court, in which CRAWFORD, C.J.,
GIERKE, and EFFRON, JJ., and COX, S.J.,
joined.

For Appellant: *Captain Patience E.
Schermer* (argued); *Lieutenant Colonel
James R. Wise* and *Lieutenant Colonel
Jeanne M. Rueth* (on brief); *Colonel Theo-
dore J. Fink* and *Major Margo Stone New-
ton.*

For Appellee: *Captain Tony R. Roberts*
(argued); *Colonel Anthony P. Dattilo* and
*Lieutenant Colonel Ronald A. Rodgers* (on
brief).

Judge SULLIVAN delivered the opinion
of the Court.

During February of 1997, appellant was
tried by a general court-martial composed of
officer members at Dover Air Force Base,
Delaware. In accordance with his pleas, he
was found guilty of assaulting his wife, in
violation of Article 128, Uniform Code of
Military Justice, 10 USC § 928. Contrary to
his pleas, he was found guilty of 2 specifica-
tions of assaulting his daughter[1] (when she
was 2–months old and when she was almost 4
years old), in violation of Article 128. He
was sentenced to a bad-conduct discharge
and confinement for 24 months. On May 30,
1997, the convening authority approved this
sentence but waived payment of automatic
forfeitures of pay and allowances in the
amount of $1615.00 per month for 6 months
from March 12, 1997. He further directed
this money be paid to appellant's wife for her
and her child's benefit. On February 16,

---

1. The court-martial order (No. 47) omits the
number of years of age ("under the age of
years").

1999, the Court of Criminal Appeals affirmed, 1999 WL 98102, but returned the record to the Judge Advocate General for appropriate action. *See United States v. Gorski,* 47 MJ 370 (1997). Unpub. op. at 2.

On August 18, 1999, this Court granted review in this case on the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ABUSED ITS DISCRETION IN HOLDING THAT APPELLANT WAIVED HIS RIGHT TO COUNSEL POST–TRIAL EVEN THOUGH THE STAFF JUDGE ADVOCATE FAILED TO ENSURE THAT APPELLANT WAS REPRESENTED BY SUBSTITUTE COUNSEL FOR PURPOSES OF THE SUBMISSION OF POST–TRIAL MATTERS AFTER APPELLANT ASSERTED THAT HIS DEFENSE COUNSEL'S REPRESENTATION AT TRIAL WAS INEFFECTIVE.

We hold that a remand for a new staff judge advocate's recommendation and convening authority's action is required in this case. *United States v. Johnston,* 51 MJ 227 (1999); *United States v. Leaver,* 36 MJ 133 (CMA 1992).

The facts pertaining to the granted issue are delineated in the opinion of the lower appellate court as follows.

Appellant's second assignment of error concerns the absence of representation by counsel during the post-trial clemency process. After the trial, the relationship between appellant and his trial defense counsel deteriorated. At one point, appellant informed his military defense counsel that he was going to hire civilian counsel to handle the post-trial processing of his case. The deadline for submission of clemency matters was 4 May 1997. On 24 April 1997, appellant and the military defense counsel had a heated discussion. Appellant told the defense counsel at that time that he no longer needed his services and he would take care of clemency himself. The record is not entirely clear as to whether this statement was an unequivocal "firing." However, the statement did leave the defense counsel with the distinct impression that he was no longer authorized to act on appellant's behalf.

On 2 May 1997, the military defense counsel gave appellant a memorandum regarding clemency. Defense counsel acknowledged in the memo that appellant did not want him to request an extension of time for submission of clemency matters. The memo also referenced defense counsel's understanding that appellant still intended to hire civilian counsel. Notwithstanding the appellant's earlier rebukes, the defense counsel had also prepared an extension letter for appellant to submit to the convening authority. *This letter accompanied the memo. The extension letter informed the convening authority that appellant was hiring a civilian attorney for clemency matters* and that defense counsel had already forwarded the record of trial and the Staff Judge Advocate's Recommendation to the civilian attorney. *Appellant did, in fact, submit this extension letter to the convening authority through the staff judge advocate (SJA).* The convening authority granted an extension until 24 May 1997.

Appellant did not hire civilian counsel to assist him. *Instead, on 20 May 1997, he submitted a clemency package on his own to the convening authority through the SJA. Included in the clemency materials was a statement by appellant alleging that his representation by military defense counsel was inadequate, both before and after the conviction.*

Appellant now asserts that the SJA erred by failing to ensure that he was represented by substitute counsel for purposes of submitting clemency matters. He argues that once the SJA reviewed the clemency package, he was placed on notice of a conflict between appellant and his defense counsel and was duty-bound to contact the defense counsel to inquire into and resolve the issue of his continuing representation of appellant. We disagree.

Unpub. op. at 2 (emphasis added).

―― ― ―

Appellant's case was decided by the Court of Criminal Appeals on February 16, 1999.

Before that court, he argued that "the staff judge advocate's [sic] erred by failing to ensure that [he] was represented by substitute counsel for purposes of the submission of post-trial matters after the appellant asserted that his defense counsel's representation at trial was ineffective." Assignment of Errors at 4. The Government contended that appellant has not demonstrated that he was "effectively left 'without counsel at all'" during the clemency process. It attempted to distinguish this case from our decision in *United States v. Leaver*, 36 MJ 133 (1992), by noting that appellant "did not request" appointment of "substitute counsel" but instead chose civilian counsel. It argued that by this conduct, "[a]ppellant effectively waived his right to have" assistance of "substitute military counsel." Final Govt. Brief at CCA at 13–14.

The appellate court below accepted this argument and held that appellant waived his right to appointment of substitute military counsel by inaction. It said:

An accused has the ability, as was demonstrated in this case, to terminate the services of his military defense counsel outright or to cause counsel to refrain from acting on his behalf. Once that option is exercised, it is the accused's responsibility to obtain substitute counsel or to take affirmative steps to enlist the assistance of the government, through the SJA, in obtaining new counsel. Appellant did neither in this case. *His inaction constitutes a waiver of his right to counsel.*

Absent situations where an SJA has actual knowledge of (1) a conflict between an accused and defense counsel and (2) continuing representation of the accused by that counsel, *we recognize no requirement that SJAs become actively involved in ascertaining the intentions of an accused regarding post-trial representation.*

Unpub. op. at 3 (emphasis added). We conclude that this holding conflicts with our decision in *United States v. Leaver, supra* at 135, a case not cited by the appellate court below, and a remand for a new staff judge advocate's recommendation and convening authority's action is required. *United States v. Johnston, supra* at 229.

We initially note that the right of a military accused to effective assistance of counsel after his trial is a fundamental right. *See United States v. Palenius*, 2 MJ 86 (CMA 1977). In *United States v. Leaver, supra* at 135, we further held:

[W]here an accused challenges the adequacy of his counsel's trial representation and certainly where the accused expresses a "desire to sever" his relationship with that counsel, the conflict between the accused and counsel is so great that appointment of substitute counsel is required. *See generally Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Davis*, 3 MJ 430 (CMA 1977).

Finally, in *United States v. Carter*, 40 MJ 102, 105 (1994), we held that once the staff judge advocate becomes aware of a potential conflict of interest, he or she must notify the "defense counsel of appellant's complaint so that the issue of further representation could have been resolved."

On the record before us, it was readily apparent to the staff judge advocate that appellant had challenged the adequacy of his defense counsel's trial representation and expressed his desire to sever his relationship with that counsel before the convening authority acted in this case. However, there is no evidence in this case that the staff judge advocate contacted that defense counsel to resolve this problem. Accordingly, under *Leaver* and *Carter*, no knowing waiver occurred and substitute counsel should have been appointed regardless of appellant's failure to request substitute military counsel and his stated intent to hire a civilian lawyer. *See United States v. Johnston, supra.*

The remaining question is whether such error was prejudicial. *See* Article 59(a), UCMJ, 10 USC § 859(a). In cases where a servicemember is effectively without representation during the clemency process, we presume prejudice. *United States v. Johnston* and *United States v. Leaver*, both *su-*

*pra.* Here, appellant presented extensive clemency matters to the convening authority in a case where in part he pleaded guilty to assaulting his wife. Yet, he also attached his post-trial statements with bald assertions that "all the prosecution witnesses committed purgury (sic) in one way shape or form against me" and "I am an innocent man convicted of crimes that I did not do." (Accused's post-trial submissions of May 20, 1997, and attachments.) These statements, unwinnowed by defense counsel's evaluative judgments, clearly undermined appellant's clemency package and effectively negated his chance for personal relief. *See United States v. MacCulloch,* 40 MJ 236, 239–240 (CMA 1994);[2] *cf. United States v. Hood,* 47 MJ 95, 97–98 (1997). The U.S. Military Justice Sys-

tem is perhaps the best in the world. Representation by adequate counsel is an integral part of that system. Here appellant had adequate counsel during almost every aspect of his case; however, he was without counsel at the very end. Having counsel even 99% of the time and no counsel 1% of the time during significant criminal proceedings would doom this case.

The decision of the United States Air Force Court of Criminal Appeals and the action of the convening authority are set aside. The record of trial is returned to the Judge Advocate General of the Air Force for submission to the convening authority for appointment of military defense counsel and a new staff judge advocate's recommendation and convening authority's action.

---

2. Appellant received deferment and waiver of automatic forfeitures to provide for his dependents. However, his punitive discharge was not changed or his sentence to confinement reduced to time served as requested.