# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Lawrence BROWN
### Yeoman First Class (E-6), U.S. Coast Guard

## CGCMG 0146

## Docket No. 1105

## 17 June 2002

General Court-Martial convened by Commander, Seventeenth Coast Guard District, Juneau, Alaska. Tried at Federal Building, Juneau, Alaska, 9-12 February 1998. *Dubay* hearing was held at Washington Navy Yard, Washington, D.C., 2 August 2001.

| | |
|---|---|
| Military Judge (Dubay Hearing): | LT COL E.W. Longhran, USMC |
| Trial Counsel (Dubay Hearing): | CDR Chris Reilly, USCG |
| Asst. Trial Counsel (Dubay Hearing): | LT Daniel J. Goettle, USCG |
| Defense Counsel (Dubay Hearing): | LT Meredith Robinson, JAGC, USN |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Daniel J. Goettle, USCG |

## BEFORE
## PANEL FIVE
## BAUM, PALMER & KILROY
Appellate Military Judges

Per Curiam:

On 16 February 2000, this Court reviewed the record of trial in this case pursuant to Article 66, Uniform Code of Military Justice (UCMJ), and affirmed the findings and sentence, after rejecting the assignment of errors.[1] Thereafter, Appellant petitioned the Court of Appeals for the Armed Forces for review pursuant to Article 67, UCMJ, assigning three errors. On 7 March 2001, that Court, by summary disposition, denied two of those assignments but granted Appellant's petition on the question whether this Court erred in not ordering a hearing pursuant to *United States v. Dubay*, 17 USCMA 147, 37 CMR 411 (1967) where there was an unrebutted allegation that the accuser, the victim of an alleged threat, was involved in selection of court-martial members. The Court of Appeals for the Armed Forces set aside this Court's decision as to that issue, remanded the record for a *Dubay* hearing on the question, and ordered that the

---

[1] *United States v. Brown*, 52 M.J. 724 (C.G.Ct.Crim.App. 2000).

record be returned to this Court for further review pursuant to Article 66, UCMJ, upon completion of the hearing.[2]

The *Dubay* hearing has been completed and the record is now before us for further review, with the military judge having found that the accuser, the victim of an alleged threat by Appellant, played no part in selecting members for Appellant's court-martial. Appellant, without admitting that the findings and sentence are correct in fact and law, has submitted this case to the Court on its merits as to any and all errors.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we concur with the military judge who conducted the *Dubay* hearing and find that the accuser was not involved in the selection of the court-martial members. Furthermore, we have determined again that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are reaffirmed.



For the Court,

Roy Shannon, Jr.
Clerk of the Court

---

[2] Summary Disposition, 54 M.J. 444 (Daily Journal March 7, 2001).