*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
TANG, LAWRENCE, and J. STEPHENS,
Appellate Military Judges

———————————————

**UNITED STATES**
Appellee

**v.**

**Neil S. BARCLAY**
Staff Sergeant (E-6), U.S. Marine Corps
Appellant

**No. 201800271**

Decided: 29 October 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary, Military Judges: Lieutenant Colonel Forrest Hoover, USMC (arraignment); Lieutenant Colonel Emily Jackson-Hall, USMC (motions and trial). Sentence adjudged 10 May 2018 by a general court-martial convened at Marine Corps Air Station Cherry Point, North Carolina, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to pay-grade E-1, confinement for eight years,[1] and a dishonorable discharge.

For Appellant: Zaven T. Saroyan, Esq.; and Lieutenant Clifton E. Morgan, III, JAGC, USN.

For Appellee: Lieutenant George R. Lewis, JAGC, USN; and Captain Brian L. Farrell, USMC.

———————————————

[1] The convening authority suspended confinement in excess of 24 months pursuant to a pretrial agreement.

Judge J. STEPHENS delivered the opinion of the Court, in which Senior Judge TANG and Judge LAWRENCE joined.

—————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

—————————————

J. STEPHENS, Judge:

Appellant pleaded guilty to fraternization, maltreatment, and sexual assault in violation of Articles 92, 93, and 120, Uniform Code of Military Justice (UCMJ).[2]

Appellant asserts two assignments of error: (1) that the trial counsel committed prosecutorial misconduct when he commented on the victim's unsworn statement during his sentencing argument and (2) the trial defense counsel were ineffective because they did not advise Staff Sergeant (SSgt) Barclay how to file an Article 138, UCMJ, complaint concerning his lack of proper medical care while in confinement. We find no prejudicial error and affirm.

## I. BACKGROUND

Staff Sergeant Barclay took one of his female subordinates, Lance Corporal (LCpl) KP out to a local bar one evening. When she drank too much, he drove her back to his house and gave her a place to sleep. She awoke to him having sex with her. Staff Sergeant Barclay also made an unrelated commented to another junior Marine, LCpl MJ, "mmm, that ass though," and told her, "I make beautiful babies."

During his pre-sentencing hearing, LCpl KP submitted a written victim statement,[3] and also gave an unsworn statement to the military judge. Per Defense request, the military judge stated she would not consider any uncharged misconduct and would only consider "any financial, social, psycholog-

---

[2] 10 U.S.C. §§ 892, 893, 920 (2016).

[3] Prosecution Exhibit 21.

2

ical, or medical impact on the victim"[4] directly relating to the offense for which SSgt Barclay was found guilty. In Appellant's pre-sentencing case, he gave an unsworn statement to the military judge using a question and answer format with his civilian trial defense counsel and also submitted an unsworn written statement.[5]

During arguments on sentencing, the trial counsel commented, without objection, on LCpl KP's unsworn statement. The civilian defense counsel also commented on her unsworn statement.

Staff Sergeant Barclay began serving his confinement at the Regional Brig at Marine Corps Base Camp Lejeune, North Carolina. While there, he continued to have medical problems stemming from prior back and shoulder injuries. He told his detailed trial defense counsel about some of his problems and made various administrative complaints at the Brig, but never filed a formal complaint under Article 138, UCMJ, which permits aggrieved servicemembers to file complaints of wrongs.

## II. DISCUSSION

### A. Prosecutorial Misconduct

"Prosecutorial misconduct occurs when trial counsel overstep[s] the bounds of that propriety and fairness which should characterize the conduct of such an officer in the prosecution of a criminal offense."[6] "Where proper objection is entered at trial, [we] review alleged prosecutorial misconduct for prejudicial error."[7] Because there was no objection here, we review for plain error, which occurs when there is an error, it is obvious, and results in material prejudice to a substantial right.[8]

Victim unsworn statements are a relatively new development in military justice. While the statements, either oral or written, are not traditional forms of evidence, they are items which are allowed to be presented in pre-sentencing. Our superior court has referred to them as "victim impact evi-

---

[4] Record at 119.

[5] Defense Exhibit E.

[6] *United States v. Hornback*, 73 M.J. 155, 159 (C.A.A.F. 2014) (citing *United States v. Fletcher*, 62 M.J. 175, 179 (C.A.A.F. 2005)) (internal quotations omitted).

[7] *Hornback*, 73 M.J. at 159 (citing *Fletcher*, 62 M.J. at 179).

[8] *United States v. Powell*, 49 M.J. 460, 463-65 (C.A.A.F. 1998).

dence."[9] Congress, by enacting Article 6b, UCMJ, and the President, by promulgating RULE FOR COURT-MARTIAL (R.C.M.) 1001A, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.), has expressed clear intent that such statements be heard in pre-sentencing.

Appellant argues that an accused's unsworn statement is "not evidence" because it is unsworn—and items which are not evidence may not be argued during pre-sentencing; therefore a victim's unsworn statement is also "not evidence" which may not be argued in pre-sentencing. This fundamentally misunderstands the relevant case law, R.C.M. 1001A, and Article 6b, UCMJ.

Appellant cites *United States v. Breese*, in which the Court of Military Appeals held that a trial counsel did not act improperly when he argued to the members in presentencing that all the other witnesses "took an oath to tell the truth," in contrast with the accused's unsworn statement.[10] After the defense objected, the military judge instructed the members not to draw any adverse inferences from the accused's lack of a sworn statement. The *Breese* court stated, "The truth of the matter is that these statements are *not* made under oath and, thus, the 'unsworn statement is not evidence.'"[11]

Appellant urges us to believe *Breese* stands for the proposition that no argument may be made containing comments or references to the unsworn statement of an accused because it is "not evidence." This clearly misreads *Breese*, which was a simple recognition that unsworn statements are "not evidence" comparable with sworn testimony. However, unsworn statements, despite being "not evidence" are "subject to rebuttal, [and] *comment during the Government's closing argument*" (emphasis added).[12] We believe the same holds true for unsworn statements of victims under R.C.M. 1001A and we find no error.

## B. Ineffective Assistance of Counsel and Brig Medical Issues

Trial defense counsel have important post-trial duties to their clients and an accused still enjoys the right to effective post-trial assistance of counsel

---

[9] *United States v. Hamilton*, 78 M.J. 335, 342 (C.A.A.F. 2019) (using the term "victim impact evidence" when offered by the Government under R.C.M. 1001(b)(4)).

[10] 11 M.J. 17 (C.M.A. 1981).

[11] *Id*. at 24 (emphasis in the original) (quoting MANUAL FOR COURTS-MARTIAL, UNITED STATES (1969 Revised ed.), Chapter XIII, ¶ 75(c)(2)).

[12] *See United States v. Barrier*, 61 M.J. 482, 484 (C.A.A.F. 2005).

under the Sixth Amendment to the United States Constitution.[13] These duties generally pertain to clemency and the convening authority's action.[14] We review claims of ineffective assistance of counsel de novo[15] in determining whether "counsel's performance was deficient" and "resulted in prejudice."[16]

Appellant alleges his trial defense counsel were deficient when they did not advise him to file an Article 138 complaint or ever advise him about the process. This failure, Appellant contends, changed the "results of the proceedings."[17] There is no duty under *United States v. Strickland* for a trial defense counsel to advise a post-trial client how to file an Article 138 complaint. Moreover, there are no "proceedings" tied to the alleged deficient performance which we can evaluate for prejudicial effect. Thus we find no deficient performance by trial defense counsel and no prejudice.

Finding no ineffective assistance of counsel,[18] we now turn to the alleged "cruel and unusual punishment" under the Eighth Amendment to the United States Constitution stemming from the Brig's actions concerning SSgt Barclay's medical treatment. We review alleged Eighth Amendment violations de novo[19] and evaluate whether prison officials "committed an objectively, sufficiently serious act or omission resulting in the denial of necessities" and "a culpable state of mind . . . amounting to deliberate indifference to [Appellant's] health and safety."[20]

Appellant submitted two affidavits along with other notes and medical records. They generally show the attendant difficulties of being confined with preexisting injuries and the frustration that can arise. From our review of

---

[13] *United States v. Knight*, 53 M.J. 340, 342 (C.A.A.F. 2000) (citing *United States v. Palenius* 2 M.J. 86 (C.M.A. 1977)).

[14] *See Palenius*, 2 M.J. at 93.

[15] *United States v. Gutierrez*, 66 M.J. 329, 330-31 (C.A.A.F. 2008).

[16] *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

[17] Appellant's Brief of 1 May 2019 at 16.

[18] We will assume without deciding, that in spite of failing to file an Article 138, UCMJ, complaint, SSgt Barclay "exhausted the prisoner grievance system and petitioned for relief under Article 138, UCMJ." *United States v. Lovett*, 63 M.J. 211, 216 (C.A.A.F. 2006).

[19] *United States v. White*, 54 M.J. 469, 471 (C.A.A.F. 2001).

[20] *Lovett*, 63 M.J. at 216.

SSgt Barclay's affidavits and records, his maladies and the Brig's responses do not rise to the level of the "denial of necessities." He has not demonstrated his health declined during confinement or that the Brig "officials knew of and disregarded an excessive risk to [his] health and safety."[21] In fact, it appears Brig officials have accommodated him as reasonably as possible under the circumstances—including ensuring he had weekly mental health visits,[22] regular mental health medications,[23] and access to medical doctors and diagnostic screenings, including MRIs.[24] Treatment of military prisoners is a serious concern and they are entitled to medical care. However, these documents do not show Brig officials ignored SSgt Barclay's medical problems. Therefore, we find no violations of either the Eighth Amendment or Article 55, UCMJ.[25]

**C. Error in Court-Martial Order**

We note the court-martial order (CMO) does not accurately reflect the disposition of all charges and specifications. Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[26] The CMO accurately reflects the military judge granted the trial counsel's request to withdraw the language, specifications, and charges to which Appellant entered pleas of not guilty, with such language, specifications, and charges to be dismissed without prejudice. However, the CMO fails to indicate that the dismissal of the language, specifications, and charges will ripen into dismissal with prejudice upon completion of appellate review in which the findings and sentence have been upheld.[27] We will take appropriate action in the decretal paragraph.

## III. CONCLUSION

The supplemental CMO shall properly reflect the disposition of the excepted language from Charge II, Specification 2. Furthermore, the CMO shall

---

[21] *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

[22] Appellant's Motion to Attach, Appendix C at 74, 80.

[23] Appellant's Affidavit of 15 Apr 2019 at 3.

[24] *Id*. at 5.

[25] 10 U.S.C. § 855 (2016) (cruel and unusual punishments prohibited).

[26] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998)

[27] Record at 112.

also properly reflect the disposition of: Charge II, Specification 1; Charge III, Specification 2; Charge IV and its specification; and the Additional Charge and its specification.

After careful consideration of the record and briefs of appellate counsel, we have determined the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Arts. 59 and 66, UCMJ.

The findings and sentence as approved by the convening authority are **AFFIRMED**.

Senior Judge TANG and Judge LAWRENCE concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court